TONY STERWERF TRUCKING, LLC, Plaintiff
v.
BRYAN E. BEATTY, SECRETARY, NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, Defendant
No. COA08-698
Court of Appeals of North Carolina.
Filed February 3, 2009
This case not for publication
Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for plaintiff-appellee.
Attorney General Roy A. Cooper, III, by Assistant Attorneys General John W. Congleton and Tamara S. Zmuda, for defendant-appellant.
HUNTER, Robert C., Judge.
This case arises out of a violation of N.C. Gen. Stat. § 20-119 (2007), whereby plaintiff trucking company was fined $500.00 for an operational violation of a special permit and $21,176.00 for an overweight violation based on the statutory weight parameters of N.C. Gen. Stat. § 20-118 (2007). Pursuant to litigation, the trial court: Interpreted these two statutes; held that the $21,176.00 overweight fine was unlawful; granted summary judgment for plaintiff; and ordered defendant North Carolina Department of Crime Control and Public Safety ("defendant" or "NCDCCPS") to reimburse plaintiff the overweight penalty plus interest. Defendant appeals the order granting summary judgment for plaintiff. We affirm.

I. Background
On 24 April 2007, Tony Sterwerf Trucking, LLC ("plaintiff") obtained a special "single trip permit" ("the permit") from the North Carolina Department of Transportation, Division of Highways to transport a truck and trailer with a gross weight of no more than 208,000 pounds through North Carolina. Without this permit, the truck and trailer could not legally exceed 80,000 pounds. N.C. Gen. Stat. § 20-118(b)(3). The permit required plaintiff's truck and trailer to be accompanied by two certified escorts if its gross weight exceeded 149,999 pounds.
On 24 April 2007, plaintiff's driver was operating its truck, when he was stopped by an officer with the Division of State Highway Patrol, Motor Carrier Enforcement Section. The vehicle weighed 160,620 pounds; thus, plaintiff was required to utilize certified rear and front escorts. Plaintiff's truck was accompanied by only one escort, which was not certified in North Carolina. Plaintiff received two civil citations. The first citation fined plaintiff $500.00 pursuant to N.C. Gen. Stat. § 20-119(d)(1) for failing to comply with the permit's escort requirement. In addition, plaintiff was fined $21,176.00 for an overweight violation pursuant to N.C. Gen. Stat. §§ 20-119(d) and 20-118(e)(1) and (e)(3). This overweight violation was calculated based on the difference between 80,000 pounds (the statutory pound limit for a vehicle without a special permit) and the 160,620 pounds it actually weighed. Plaintiff's truck was not in excess of the 208,000 pounds listed on the permit.
Plaintiff's attorney filed a letter of protest with defendant regarding the imposition of the overweight penalty. On 12 June 2007, defendant sent a letter informing plaintiff's counsel that its administrative review revealed that the officer "followed State law and Patrol policy" in issuing the citations and penalties.
Plaintiff filed a complaint in Wake County Superior Court on or about 13 August 2007 seeking, inter alia, a refund of the overweight penalty plus interest. Plaintiff filed a motion for summary judgment on or about 15 February 2008 alleging, inter alia, the State had no authority to issue the overweight citation under the statutory scheme set out in N.C. Gen. Stat. §§ 20-119(d) and 20-118(e). Defendant filed a motion for summary judgment on or about 20 March 2008 claiming that the issued citations were authorized by law.
On 26 February 2008, the trial judge entered an order granting summary judgment in plaintiff's favor, concluding that:
There is no legal basis for [defendant] to impose assessments for overweight violations by calculating penalties based on the statutory scheme set forth in N.C. Gen. Stat. § 20-118 when the "offending" vehicle operator has a lawfully acquired special permit exempting the vehicle from those limitations. The penalty provision in N.C. Gen. Stat. § 20-119(d), when viewed in the context of the weight limitation provisions in § 20-118(e)(1) and (3), does not authorize [defendant] to impose penalties on vehicles for exceeding the statutory weight limitations in situations where the vehicle is properly permitted and within the permit weight limitations but the operation of the vehicle violates other non-weight related parts of § 20-119(d).
Having concluded that the imposition of the overweight penalty was "outside [defendant's] statutory authority[,]" the court ordered defendant to refund the overweight penalty plus interest to plaintiff. Defendant appeals.

II. Analysis
Pursuant to our holding in Daily Express, Inc. v. N.C. Dep't of Crime Control & Public Safety, ___ N.C. App. ___, ___ S.E.2d ___ (No. COA08-562 filed 3 February 2009), we affirm the trial court's order granting summary judgment for plaintiff.
Affirmed.
Judges ELMORE and JACKSON concur.
Report per Rule 30(e).